[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on December 9, 1989 at Bennington, Vermont. The wife's maiden name was Jennifer Lee Rivers.
The parties have two minor children born since the date of the marriage: Alyssa Jane Gersony, born May 18, 1990 and Jessica Toby Gersony, born July 23, 1992.
The Court has jurisdiction.
The marriage of the parties has broken down irretrievable and is hereby dissolved.
The court, having heard the evidence presented at trial, and having considered all of the factors enumerated in Connecticut General Statutes Section 46b-56, 46b-81, 46b-82 and 46b-84 enters the following orders.
1. The parties have entered into a stipulation concerning the care and custody of their minor children. The court agrees that this stipulation is in the best interest of the children and hereby approves of that CT Page 1964 agreement and incorporates it by reference as its decree.
2. The defendant shall pay, as child support, $160.00 per week. This amount is in accord with the Child Support guidelines and shall be secured by an immediate wage withholding order. He shall also pay $15.00 per week on a pendente lite arrearage of $2,568.77. The defendant shall be entitled to claim the older child as a dependent for tax purposes and the plaintiff shall be entitled to claim the younger child.
3. The plaintiff shall maintain medical insurance for the benefit of the minor children as it is available through her employment. The parties shall be responsible for unreimbursed health and medical expenses incurred on behalf of the minor children, the plaintiff paying 65 per cent and the defendant paying 35 per cent.
4. No alimony is awarded to either party.
5. All right, title, and interest in the marital home is awarded to the plaintiff. She shall, within six months, refinance the home in her name individually, and she shall be responsible for all expenses associated with the home.
6. The husband is awarded the TIAA-CREF account and shall be responsible for the loan thereon.
7. The plaintiff is awarded her retirement accounts.
8. The Honda is awarded to the defendant and he shall be responsible for all costs associated therewith.
9. The plaintiff is awarded the Mercury and she shall be responsible for all costs associated therewith. He defendant shall transfer title to her forthwith.
10. The plaintiff shall be entitled to claim, for tax purposes, the entire mortgage expense for calendar year 2000.
11. The plaintiff shall be responsible for all liabilities listed on her financial affidavit except as otherwise ordered herein.
12. The defendant shall be responsible for all the liabilities shown on his financial affidavit except as otherwise ordered herein.
13. Each of the parties shall be responsible for one-half of the 1997 tax obligation owed to the State of Connecticut. CT Page 1965
14. The plaintiff shall be responsible for 65 per cent of the MBNA debt and the defendant shall be responsible for 35 per cent.
15. Each party shall maintain the maximum amount of life insurance available to them through their employment for the benefit of the minor children.
16. All right, title and interest in Online Licensing International, LLC., and GetCEcredit is awarded to the husband. He shall prepare, and the plaintiff shall execute, any document necessary to effectuate this order. He defendant shall indemnify and hold harmless the plaintiff from any liability arising from her association with these entities.
17. Each party is awarded his or her interest in nay bank account maintained in their respective names.
18. The defendant shall execute any documents necessary to transfer the MBNA account to the plaintiff.
19. Each party is awarded the personal property currently in his or her possession.
ELAINE GORDON JUDGE OF THE SUPERIOR COURT